IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

BRIAN ANDRE WILLIAMS,

      Defendant.

Criminal No. 12-00253
ELECTRONICALLY FILED

**MEMORANDUM OPINION DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF PROBATION (DOC. NO. 503)**

Brian Andre Williams ("Defendant") pled guilty to conspiring to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846. On September 23, 2014, Defendant was sentenced to a five-year term of probation with 6 months of home detention and electronic monitoring. On April 7, 2017, after serving approximately half of his term, Defendant filed a motion for early termination of his probation supervision. Doc. No. 503. The Government filed a response in opposition. Doc. No. 507. After considering the factors of 18 U.S.C. Section 3553(a), the Court finds that terminating Defendant's probation supervision early would not serve the interests of justice. Defendant's Motion is therefore DENIED.

    **I.**    **Sentencing Background**

The offense to which Defendant pled guilty carries a mandatory minimum sentence of 20 years imprisonment. However, due to Defendant's eligibility for the "safety valve" provision of the federal sentencing statute, 18 U.S.C. § 3553(f), the Court was able to consider the advisory guideline range of 70 to 87 months imprisonment. The Court determined that a 5-year term of probation with 6 months of home detention was sufficient to meet the goals of sentencing and

properly accounted for the specific characteristics of the Defendant, his role in the criminal conspiracy, and other factors raised by the Parties at sentencing.

## II. Legal Standard

The sentencing court has the discretion to terminate a defendant's probation early if the defendant has served at least one year of his sentence and the termination will serve the interests of justice. 18 U.S.C. § 3564(c); s*ee United States v. Kay*, 283 Fed. App'x 944, 946-47 (3d Cir. 2008) (addressing the analogous issue when terminating supervised release). When ruling on a motion to terminate probation, a court must consider the Section 3553 sentencing factors: (1) the characteristics of the offense and the defendant; (2) whether the sentence reflects the seriousness of the offense, deters other criminal conduct, protects the public, and rehabilitates the defendant; (3) the other available sentences; (4) the sentences and applicable sentencing range for the defendant's crime; (5) pertinent policy statements provided by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). As always, the sentence imposed must be sufficient, but not greater than necessary, to accomplish the goals of sentencing. *Id*.

Courts within the Third Circuit have reasoned that probation should be terminated early only when the defendant demonstrates exceptional behavior or changed circumstances. *See United States v. Laine*, 404 Fed. App'x 571 (3d Cir. 2010); *Caruso*, 241 F. Supp. 2d at 468-69; *but see United States v. Carter*, 2014 WL 2112723, *2 (W.D. Pa. May 20, 2014) ("[T]his Court does not conclude that its discretion is constrained to only those situations that are 'extraordinary' or 'exceptional.'"). The Court of Appeals for the Third Circuit has determined that the early termination of probation should occur "only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." *Laine*, 404 Fed. App'x at 573-74.

## III. Discussion

The Court denies Defendant's Motion because Defendant's mere compliance with his sentence is not sufficient to warrant termination or reduction of his probationary term under Section 3553(a). This Court gave thoughtful consideration to Defendant's crime and personal characteristics, and shaped his sentence accordingly. Defendant represents that he has complied with all conditions of this sentence and that he has not engaged in further criminal conduct. Doc. No. 503. While laudable, this conduct is not exceptional; it was ordered by this Court, and is expected.

Final sentences should not be terminated lightly and the Court has carefully considered the Section 3553(a) sentencing factors. Terminating Defendant's probation supervision early would not reflect the characteristics of his offense - - a serious drug trafficking conspiracy, or promote respect for the law. Further, Defendant's sentence was carefully selected from the sentencing options available to the Court. Defendant received the benefit of the "safety valve" which allowed the Court to choose a sentence other than the mandatory minimum 20 years of imprisonment prescribed by the statute and also received a significant downward departure from the advisory guideline range. There is no compelling reason for further leniency.

Granting Defendant's Motion would also create a sentencing disparity which is undesirable under Section 3553(a)(6). Mere compliance with probationary terms will not typically justify the early termination of probation, and so other similarly situated defendants will not receive the same relief Defendant requests.

Finally, Defendant's sentence continues to be sufficient, but not more than necessary, to accomplish the goals of sentencing. The Court determined that a five-year probationary term was the appropriate punishment to fit Defendant's crime. It still is.

### IV. Conclusion

Defendant's compliance with his probationary conditions and avoidance of further criminal conduct are commendable, but not sufficient to justify a departure from the just sentence already imposed. Defendant's behavior is neither exceptional nor extraordinary, and early termination would not serve the interests of justice under Section 3553(a). Therefore, Defendant's Motion is DENIED.

SO ORDERED, this 18th day of April, 2017,

s/Arthur J. Schwab_____
Arthur J. Schwab
United States District Judge